UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                                                    :

PEDRO ORTIZ,
                Plaintiff,                        :

      -against-                               :    **REPORT AND RECOMMENDATION**

                                                                 :       07 Civ. 8030 (LTS)(KNF)

LOCAL 32BJ,
                                                                 :

                Defendant.
------------------------------------------------------------ X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LAURA T. SWAIN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

      Pedro Ortiz ("Ortiz"), proceeding pro se, commenced this action in the New York City Civil Court, Small Claims Part, Bronx County, against defendant Local 32BJ, a union ("Union"), to recover $2,971.12, he alleges was distributed wrongfully, to his former wife, from a supplemental retirement savings plan account he has, which is administered by the Building Service 32BJ Supplemental Retirement Savings Plan ("SRSP"). The defendant removed the action, from the New York City Civil Court, to this court, pursuant to 28 U.S.C. §§ 1441 and 1446, relying upon the Employee Retirement Income Security Act of 1974 ("ERISA") as the ground for the court's subject matter jurisdiction.

      After the action was removed to this court, the defendant made an application, pursuant to Fed. R. Civ. P. 12(e), for an order directing the plaintiff to make a more definite statement of his claim. Ortiz responded to that application by sending the defendant a letter, in December 2007, explaining his claim in greater detail. Based upon the plaintiff's December 2007 letter, it now

appears that, in addition to Ortiz's claim for return of the money distributed from his retirement savings account, he is alleging: (a) the defendant breached the duty of fair representation it owed to him, when, on June 9, 2006, it informed him, through a letter, that it declined to assist him, at an arbitration proceeding, in challenging a work-related grievance determination; and (b) the Union's legal services unit failed to provide him adequate legal representation in connection with a matrimonial action and two arrests he suffered for allegedly violating orders of protection that had been issued to him.

For its part, the Union maintains that any viable claim Ortiz may have with respect to the distribution of funds from his retirement savings plan account must be asserted against SRSP, a multi-employer employee benefit plan created pursuant to ERISA, which, according to the Union, is a legal entity separate and distinct from it that provides benefits to the Union's members. In like fashion, the Union asserts that any claim Ortiz may have respecting the quality of the legal services rendered to him must be made against an entity known as the Building Service 32BJ Legal Services Plan ("LSP"). Furthermore, the Union contends Ortiz's claim, that it breached the duty of fair representation it owed to him, is time-barred, because the claim was not asserted by Ortiz within six months of the date, in June 2006, when Ortiz knew, or reasonably should have known, of the Union's alleged breach of its duty.

Before the Court is the Union's motion, made pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing the complaint, because Ortiz has failed to state a claim upon which relief can be granted. Ortiz has not opposed the motion.

## BACKGROUND

According to Ortiz, in April 2000, he requested legal representation, in connection with divorce proceedings, from an entity he identifies as Local 32BJ Legal Services. Ortiz alleges that

the legal assistance he received from that entity was "inadequate," resulting in his inability "to see my daughters for an entire year" and the "loss of [] ownership of a home." In addition, Ortiz contends that, owing to the poor quality of the legal services he received, his former wife, who, he says, "committed adultery," was "granted the divorce based on cruel and inhuman treatment." It appears, from Ortiz's written submissions to the Court, that as a consequence of the divorce proceedings, a Qualified Domestic Relations Order ("QDRO"), as contemplated by ERISA, see 29 U.S.C. § 1056(d)(3)(B) and the Internal Revenue Code, see 28 U.S.C. § 414(p), was issued by the matrimonial court directing that $2,041.17 be distributed, from Ortiz's retirement savings plan account, to his former wife.

    Ortiz received a copy of the QDRO from a SRSP representative. However, Ortiz believed, based on his review of the copy of the document he received, the order was defective, because it lacked the issuing court's seal. Ortiz wrote to the SRSP's representative, and expressed his concern about the legitimacy of the QDRO. Ortiz was contacted via telephone in response to his letter. During the ensuing telephone conversation, he was advised that SRSP received a QDRO bearing the issuing court's seal, but the seal was not visible on the copy of the document SRSP sent to Ortiz. Ortiz recalls that, during the telephone conversation, he advised the SRSP representative that he would visit the retirement savings plan's office to examine the order containing the seal. According to Ortiz, the following day, he received another telephone call from a SRSP representative advising him that he would not be permitted to see the order that the retirement savings plan received and, further, that he should direct any subsequent inquiries concerning the matter to his attorney.

    In July 2007, Ortiz received a statement of his SRSP account. It reflected that $2,971.21 had been distributed from the account, not the $2041.17 he had previously been advised would be

3

distributed from his account, pursuant to the QDRO. Ortiz concluded that SRSP had acted irresponsibly and "possibly illegal[ly]" by distributing funds from his account without the benefit of a QDRO bearing the issuing court's seal. This prompted him to institute the proceeding in the New York City Civil Court, Small Claims Part, Bronx County, to recover the $2,971.21 that had been distributed from his retirement savings plan account.

It appears from the record before the Court that, in February 2006, Ortiz filed a work-related grievance. The Union represented him in connection with that matter. Ortiz was dissatisfied with the resolution of the grievance and urged the Union to submit the matter to arbitration. The Union's Grievance Appeal Board determined not to do so. The Union's Joint Executive Board ratified that determination and so advised Ortiz in a letter dated June 9, 2006. Ortiz remains aggrieved by the June 2006 determination not to press his grievance at an arbitration proceeding. Thus, a liberal reading of his submissions to the Court suggests that he contends that, by failing to pursue arbitration, the Union breached the duty of fair representation it owed to him.

## DISCUSSION

*Pro Se Litigant's Pleadings*

The pleadings drafted by a pro se litigant, such as Ortiz, are held to less stringent standards than those prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and are to be construed liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994); Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001). In reviewing Ortiz's complaint, as amplified by his response to the defendant's Fed. R. Civ. P. 12(e) motion for a more definite statement, the Court has applied the above-noted standards.

*Fed. R. Civ. P. 12(b)(6)*

When a motion is made pursuant to Fed. R. Civ. P. 12(b)(6), the well-pleaded factual allegations made by a plaintiff, in his complaint, are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163-164, 113 S. Ct. 1160, 1161 (1993); see also Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008). When considering a motion made pursuant to Fed. R. Civ. P. 12(b)(6), a "district court is normally required to look only to the allegations on the face of the complaint. . . . In certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6). Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered. [] In addition, even if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on such a motion." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007)(citations omitted).

In the case at bar, the Court has considered, as part of Ortiz's amplified complaint, the correspondence and the SRSP account statement that comprise Ortiz's response to the defendant's motion for a more definite statement. The Court finds that these documents are integral to the plaintiff's complaint and needed for a complete understanding of the claims being asserted through that pleading.

"To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, __U.S. __, 127 S. Ct. 1955, 1974 [2007]).

5

The Union contends, with respect to Ortiz's claim concerning the distribution of funds to his former wife, from his retirement savings plan account, it is not the proper party against whom the claim should be asserted. According to the Union, the complaint, as enhanced through Ortiz's response to the motion for a more definite statement, makes clear that the entity to whom Ortiz directed all inquiries pertinent to the distribution of his retirement savings plan account funds is SRSP, an entity the Union maintains is a multi-employer employee benefits plan, as defined by ERISA. See 29 U.S.C. § 1002(3)(37). Moreover, the defendant contends that only SRSP, or its trustees and administrators, can be held liable for any wrongful distribution of funds, from the plaintiff's retirement savings plan account, to his former wife.

SRSP has been recognized previously as an employee welfare and benefit trust fund "established and maintained pursuant to various collective bargaining agreements by Local 32B-32J, Service Employees International Union, AFL-CIO." Building Service 32B-J Health Fund, et al. v. Gates Patchen Hous. Dev. Fund Co., Inc., et al., No. 03 Civ. 3246, 2005 WL 39919, at *1 (S.D.N.Y. Jan. 7, 2005).

In its most pertinent part, 29 U.S.C. § 1132 provides that a person who is a participant or beneficiary of an employee benefit plan may institute a civil action "to recover benefits due to him under the terms and conditions of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Second Circuit Court of Appeals has determined that "[i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). The Union and SRSP are not the same entity and only SRSP, or its trustees and administrators, could be held liable to the plaintiff if it were established, as Ortiz alleges, that funds were distributed from his retirement savings plan

6

account to his former wife improperly. Therefore, the claim made by Ortiz, in this action, against the Union for distributing funds from his retirement savings plan account, improperly, is not plausible on its face.

*Breach of Duty of Fair Representation*

Typically, a union serves as the exclusive bargaining representative for employees within the collective bargaining unit. As such, it has a "statutory duty fairly to represent all of those employees, both in its collective bargaining with [their employer] . . . and in its enforcement of the resulting collective bargaining agreement." Vaca v. Sipes, 386 U.S. 171, 177, 87 S. Ct. 903, 909-10 (1967)(citations omitted). A claim that a union has breached the duty of fair representation that it owed to one of its members must be brought within six months from the date on which the Union member has or should have had knowledge that a breach has occurred. See Engelhardt v. Consol. Rail Corp., 756 F.2d 1368, 1369-70 (2d Cir. 1985); Eatz v. DME Unit of Local Unit No. Three (3) of the Int'l Bhd. of Elec. Workers, AFL-CIO, 794 F.2d 29, 33 (2d Cir. 1986); Bimler v. Stop & Shop Supermarket Co., 965 F. Supp. 292, 303 (Dist. Conn. 1997).

In the case at bar, it appears, from Ortiz's enhanced complaint, that he maintains the Union failed to assist him fully and appropriately when it decided, in June 2006, not to pursue arbitration, on his behalf, after an adverse determination was rendered on a grievance Ortiz had lodged. To the extent Ortiz is asserting, in this action, that the Union breached the duty of fair representation it owed to him, it is clear that he knew, or should have known, that the breach occurred in June 2006, when he received written notification that the decision to forgo arbitration respecting his grievance had been ratified by the Union's Joint Executive Board. Accordingly, Ortiz had six months from that time to seek redress for the Union's alleged breach of the duty it owed to him of fair representation.

The instant action originated in the New York City Civil Court, Small Claims Part, Bronx County, in August 2007, and was removed to this court in September of that same year. August 2007 is 15 months after June 2006. Therefore, the instant claim, that the Union breached the duty of fair representation that it owed to Ortiz, arising out of the Union's determination to forgo arbitrating Ortiz's grievance, is time-barred. Consequently, this claim by Ortiz, is not plausible on its face.

*Failure to Provide Appropriate Legal Representation*

The Union maintains that Ortiz is attempting, through this action, to assert a claim against LSP, arising out of the assistance that entity rendered to him in connection with: (a) his matrimonial proceeding; and (b) the two arrests, to which he was subjected, for violating orders of protection. The defendant's submissions demonstrate that LSP is, like SRSP, an employee benefit plan and, thus, an entity that is separate and distinct from the Union. Therefore, the Union contends, it cannot be held liable for any failure on the part of LSP to render appropriate legal services to Ortiz, based on the same reasons the Union has asserted it cannot be held liable for any inappropriate conduct Ortiz attributes to SRSP.

The Court finds that Ortiz's claim against the Union, for the poor quality of legal services he contends he received from LSP, is misplaced, because the Union and LSP are not the same entity. Therefore, according to the reasoning in Leonelli, only LSP, and its administrators and trustees, in their capacities as such, could be found liable to Ortiz in a civil action through which he seeks, inter alia, to enforce his rights under the terms of the plan, including his right to receive quality legal services from LSP. Accordingly, the instant claim is not plausible on its face.

## RECOMMENDATION

For the reasons set forth above, I recommend that the defendant's motion to dismiss,

(Docket Entry No. 12), be granted.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, 500 Pearl Street, Room 755, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      May 21, 2008

Respectfully Submitted,

_/s/ Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to

Pedro Ortiz  
Katherine Dunn, Esq.